## Virginia A. Murray, formerly Virginia A. Hill, v. John R. Hill.

1. LIENS—*For Moneys Expended in Improvements—Decree for, in Proceedings to Set Aside Deeds.*—When a deed is set aside because not properly executed, if it appear that the grantee has expended moneys in improvements thereon upon the promise of the deed being made, the court may, in the decree, give the defendant a lien upon the land for the moneys so expended.

Bill in Chancery, to set aside a conveyance. Error to the Circuit Court of Greene County; the Hon. GEORGE W. HERDMAN, Judge, presiding. Heard in this court at the November term, 1894. Affirmed. Opinion filed June 3, 1895.

F. A. WHITESIDE, attorney for plaintiff in error.

MARK MEYERSTEIN, attorney for defendant in error.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was a bill in chancery to set aside a conveyance by the complainant to the defendant.

At the time the conveyance was made the parties were husband and wife, and were living together in that relation. Upon a final hearing the court found that the deed was invalid because not properly executed, but that the defendant had expended the sum of $758 in improving the land, upon the promise of the complainant that she would make him a good title to the same, therefore the deed was set aside, but the defendant was given a lien upon the land for the said sum so expended.

The complainant brings the record to this court, and assigns error upon the finding and decree in favor of the defendant as to said improvements.

No cross-errors have been assigned on the record, and the only question is as to the propriety of that portion of the decree which finds that the defendant made said expenditure, and gives him a lien for the same.

A careful reading of the evidence has satisfied us that the finding is supported by the proof, and that the allowance is entirely equitable. No doubt it was upon the faith of complainant's promise to deed him the land that the defendant made the improvements. It was intended thus to make a home for their joint occupation. They afterward separated, were divorced, the complainant married again, and then this bill was filed.

It was not necessary to set up the claim for improvements by cross-bill. The court might well recognize and allow it as an equitable condition of granting the relief sought by complainant.

The decree is affirmed.